# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN RAZZOLI,

      Petitioner,

v.                                              CIVIL ACTION NO. 2:08cv57
                                                     (Judge Maxwell)

MIDDLE DISTRICT COURT CLERK, (MD. PA), et al,

      Respondents.

## REPORT AND RECOMMENDATION

## I. BACKGROUND

On May 7, 2008, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On May 19, 2008, the petitioner paid the required $5.00 filing fee. Upon preliminary review, and for the reasons set forth below, the undersigned finds that summary dismissal is warranted.

## II. FACTS

The petitioner is a federal miliary prisoner, who was incarcerated at FCI Gilmer on the date he filed his petition. Although largely unintelligible, the petition appears to allege that he is being illegally confined past his navy parole eligibility date. In addition, the petitioner asks this court to assume jurisdiction over his § 2241 petition pending in the Middle District of Pennsylvania which raises similar claims.

A review of the petitioner's case in the Middle District of Pennsylvania[1] establishes that he was sentenced by Naval Court Martial on December 1, 1987 to a twenty-five year term of imprisonment for attempted murder and related offenses. He was most recently paroled July 27,

---

[1] See 3:2008cv0000272.

1

2006, and was to remain under supervision until January 5, 2013.[2] By notice of action dated January 8, 2007, the Commission revoked this parole, ordered that the petitioner not receive credit for time spent on parole, and ordered reparoled October 3, 2007.

As this parole date approached, the Commission was informed by the petitioner's case manager that the BOP had been unable to secure a suitable release plan, because no district was willing to accept supervision of him. Furthermore, because the petitioner is a military prisoner rather than a U.S. Code violator, no district was obligated to accept supervision unwillingly.

The Commission initially retarded the petitioner's release date by 120 days to February 3, 2008. However, the Commission was again informed that the BOP had been unable to secure a suitable residence for the petitioner as part of his release plan. The Commission then conducted a special reconsideration hearing on February 6, 2008, and following the hearing, ordered the petitioner's release date retarded until an acceptable release plan was developed.

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner alleges that he is being illegally confined past his parole eligibility date. Presumably, the relief sought was an order releasing him from custody. Although

---

[2]This full-term date is more than twenty-five years after sentencing, because he had previously been paroled, violated the conditions of parole by committing new crimes, and lost credit for time spent on parole.

the petitioner has notified the court of a change of address, a review of the BOP website establishes that he was released from custody on January 23, 2009. Accordingly, there is no further relief that this court can grant, and the case is now moot.

### IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT** and that his pending motions (Docs. 19, 22, and 24) be **DISMISSED AS MOOT**, as well.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 30, 2009

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE